### C. W. NEAL v. STATE.

No. A-2631.   Opinion Filed March 27, 1917.

Rehearing Denied September 22, 1917.

(167 Pac. 333.)

**APPEAL AND ERROR—Harmless Error—Instructions.** Where it is manifest that the jury were not misled, nor the accused prejudiced, by a defect in an instruction, the error will be deemed harmless.

*Error from County Court, Washington County; Robert D. Waddill, Judge.*

C. W. Neal was convicted of having possession of intoxicating liquor with intent to violate the law, and he brings error. Affirmed.

*Charlton & Farrell,* for plaintiff in error.

*R. McMillan,* Asst. Atty.. Gen., for the State.

BRETT, J.   The plaintiff in error, C. W. Neal, was convicted in the county court of Washington county of having possession of intoxicating liquor with intent to violate the prohibitory law, and sentenced to a term of six months in the county jail and to pay a fine of $500.

The testimony of the sheriff is that he found 49 quarts of whisky under two beds in a room in the residence of the plaintiff in error. Some of the whisky was in a sack under one bed and the remainder lying loose on the floor under another bed. The plaintiff in error did not testify in his own behalf; but one Charles Pearson testified that he was boarding with plaintiff in error, and that a friend of his by the name of Buddy was passing through Bartlesville with this whisky in an auto-

mobile, and broke down on the outskirts of town, and asked him to take care of the whisky for him, until he could get his automobile repaired. He claims that he then went with his friend Buddy out to the edge of Bartlesville, where he had this whisky hid under some weeds, and assisted him in bringing it to the home of the plaintiff in error, to be stored, only until Buddy could get his car repaired; that this was in the nighttime, and the next day, before Buddy called for the whisky, the officers seized it. He was in a measure corroborated by the wife of plaintiff in error; but the jury did not accept this theory, and found the plaintiff in error guilty.

The only error complained of is that the court omitted an element in the instruction defining the crime, and The instruction told the jury that the plaintiff in error did not offer a correct instruction, supplying this omission, and the verdict of the jury shows that they had a correct understanding of the offense charged and proven. The instruction told the jury that the plaintiff in error was charged with "knowingly, willfully, and unlawfully having in his possession" this whisky, but omitted saying for the purpose and with the intent of unlawfully disposing of same. If this was a case in which the evidence left the question as to the intent and purpose for which the whisky was had in doubt, then there might be merit in the contention of the plaintiff in error; but in this case the intent and purpose was so clear and manifest that the jury were not misled, nor was the plaintiff in error prejudiced by this omission in the instruction. For the jury could not have arrived at any other conclusion, with or without an instruction on the question, than that the plaintiff in error had the whisky for the purpose of violating the law.

The judgment is therefore affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.